UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| RAINBOW E. PENNELL, | ) |
|     *Plaintiff*, | ) |
| | ) |
|     v. | ) Cause No. 1:16-cv-03170 |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
|     *Defendant*. | ) |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3. Plaintiff Rainbow Pennell (hereinafter "Pennell"), is a natural person who resides in Indiana.

4. Pennell is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant, Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau that conducts business in Indiana.

6. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, is considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

## JURISDICTION AND VENUE

7. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

8. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Pennell resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

9. Pennell filed for a Chapter 7 bankruptcy on March 15, 2011 in the Southern District of Indiana under cause number 15-0318.

10. In or around April of 2016, Pennell obtained a copy of her credit report as published by Equifax.

11. That report contained erroneous information as provided by Chase Bank USA, NA. and Eagle Accounts Group, Inc., published and reported by Equifax. Specifically, the Equifax credit report failed to indicate the aforementioned obligations were discharged via her bankruptcy.

12. Because Pennell's debts formerly owed to Chase Bank USA, NA and Eagle Accounts Group, Inc., were discharged on September 11, 2011, the information was inaccurate and misleading. A copy of the Discharge Order is attached hereto as "Exhibit A."

13. In a letter dated July 18, 2016, Pennell disputed the inaccurate and misleading information to Equifax and advised Equifax of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached as "Exhibit B."

14. Equifax did not respond to this dispute or conduct a reinvestigation as it was required.

15. Equifax was required to communicate the specifics of Pennell's dispute to Chase Bank USA, NA. and Eagle Accounts Group, Inc. Likewise, Chase Bank USA, NA. and Eagle Accounts Group, Inc. each had a duty to investigate the dispute and accurately report their findings to Equifax.

16. Further, Equifax had an affirmative duty to reasonably reinvestigate the dispute submitted by Pennell and to accurately report the tradeline information notwithstanding the information it received from Chase Bank USA, NA and Eagle Accounts Group, Inc.

17. Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

18. Equifax breached their duty as described above.

19.     Due to Equifax's failure to conduct reasonable reinvestigations of Pennell's dispute, the misleading and inaccurate information on Pennell's credit report was not appropriately deleted or modified.

20.     As a result of Equifax's willful actions and omissions, Pennell is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

### TRIAL BY JURY

21.     Pennell is entitled to and hereby requests a trial by jury.

### CAUSES OF ACTION

**COUNT I:     VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

22.     Pennell incorporates by reference all preceding paragraphs as though fully stated herein.

23.     Equifax willfully and/or negligently violated 15 U.S.C.A. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Pennell's consumer reports.

24.     Equifax willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Pennell's dispute and by failing to appropriately delete or modify inaccurate information in Pennell's file.

25.     As a result of Equifax's violation of 15 U.S.C.A. § 1681e(b), Pennell has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

26.     Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

27.     Pennell is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Pennell respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

Respectfully submitted, dated this 20th day of November, 2016.

/s/ Travis W. Cohron
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, IN 46060
Telephone: (317) 203-3000
tcohron@bhclegal.com
*Counsel for Plaintiff*